UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAMIRO CRUZ HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00640-JPH-MKK |
| ) | |
| BRISON SWEARINGEN, ) | |
| KRISTI NOEM, ) | |
| PAMELA J. BONDI, ) | |
| TODD M. LYONS, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Ramiro Cruz Hernandez is a noncitizen who entered the United States without inspection in 1995. Dkt. 1 at 4. On November 12, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Mr. Cruz Hernandez and then initiated removal proceedings. *Id.* He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a prompt bond hearing pursuant to 8 U.S.C. § 1226(a), in addition to other forms of relief. *Id.* at 12-13.

For the reasons explained below, the Court **grants** the petition to the extent that **no later than 5:00 p.m. on December 31, 2025, Respondents must either**: (1) afford Mr. Cruz Hernandez an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision.

1

## I. Background

Mr. Cruz Hernandez entered the United States without inspection in 1995. Dkt. 1 at 4. Since then, he has resided in the United States continuously with his family, including his U.S. citizen wife and two U.S. citizen children. *Id.* Mr. Cruz Hernandez has been convicted of two misdemeanors and was sentenced to 365 days of incarceration in 2016 for driving while intoxicated and endangering a person. *Id.*; *see* dkt. 13-1 at 2 (I- 213 narrative reporting his two previous convictions and his previous incarceration). The government does not argue that these convictions trigger mandatory detention pursuant to 8 U.S.C. § 1226(c). *See* dkt. 13.

On November 12, 2025, ICE agents arrested Mr. Cruz Hernandez pursuant to a warrant (I-200). *See* dkt. 13-2 at 6. DHS initiated removal proceedings under 8 U.S.C. § 1229(a) and issued Mr. Cruz Hernandez a Notice to Appear. *Id.* at 6. The Notice to Appear charges him with inadmissibility 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and § 1182(a)(7)(A)(i)(I) as an alien "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title." Dkt. 13-2 at 5. The "arriving alien" checkbox is unmarked. *Id.* at 2. Mr. Cruz Hernandez was

subsequently transferred to Clay County Jail in Brazil, Indiana, where he remains detained. Dkt. 1 at 4; *see also*, U.S. Immigration and Customs Enforcement, "Online Detainee Locator System," https://locator.ice.gov/odls/#/search (search reflecting that Mr. Cruz Hernandez is still housed at the Clay County Detention Center as of December 24, 2025).

On December 19, 2025, Mr. Cruz Hernandez filed this writ of habeas corpus petition, arguing that Respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A). Dkt. 1 at 7-10. He argues that he may only be properly detained under 8 U.S.C. § 1226(a), which entitles him to an individualized bond hearing. *Id.* He also argues that his detention violates the Due Process clause of the Fifth Amendment. *Id.* at 10-12.

An Immigration Judge conducted a custody hearing on December 15, 2025, and denied bond solely on the ground that the Immigration Court lacked jurisdiction to conduct any bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See* dkt. 13-3 at 1.

**II.   Discussion**

Mr. Cruz Hernandez raises claims for relief under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment of the United States Constitution. Dkt. 1 at 7-12. He requests immediate release due to his unlawful arrest. *Id.* at 12. In the alternative, he seeks an order for a discretionary bond hearing before an immigration judge. *Id.* at 12-13.

Respondents argue that Mr. Cruz Hernandez's petition is premature because he has not sought relief before the Board of Immigration Appeals ("BIA")

3

or the Seventh Circuit Court of Appeals. Dkt. 13. And even if the Court finds exhaustion is not required, Respondents contend that Mr. Cruz Hernandez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). *Id.*

### A. Exhaustion

Mr. Cruz Hernandez filed his Petition three days after an immigration judge denied his request for bail but before appealing that decision to the BIA or the Seventh Circuit Court of Appeals. Dkt. 1 at 2.

Respondents argue that, consequently, Mr. Cruz Hernandez's petition is premature because he has not exhausted all available administrative remedies. Because Mr. Cruz Hernandez entered the country without inspection, if he were to appeal his denial of bond, the BIA would be bound by its own precedent in *Matter of Yajure Hurtado* to deny his appeal. Requiring him to exhaust his administrative remedies would be futile.

There is no statutory requirement that Petitioner exhaust his administrative remedies before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because

4

Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Mr. Cruz Hernandez was not required to exhaust administrative remedies because doing so would be futile.

### B. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011). Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States    [T]he Attorney General—

5

>> (1) may continue to detain the arrested alien; and
>> (2) may release the alien on—
>> (A) bond ...... ; or
>> (B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers *shall* order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

6

Section 1225(b)(2) pertains to "[i]nspection of other aliens." In relevant part, it provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are subject to mandatory detention while their removal proceedings are pending.

### C. Mr. Cruz Hernandez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Cruz Hernandez is eligible for a bond hearing under § 1226(a).

Respondents argue that Mr. Cruz Hernandez is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 13 at 8-13.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Cruz Hernandez who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D.

7

Ind. Oct. 11, 2025); *Mendoza-Loera v. Warden, Clay Co. Jail*, 2:25-cv-00554-JPH-MJD, dkt. 16 at 8–11 (S.D. Ind. Nov. 21, 2025); *Villeda-Hernandez v. Swearington*, 2:25-cv-00564 (S.D. Ind. Nov. 24, 2025); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *8-*10 (7th Cir. Dec. 11, 2025) (stating that "Plaintiffs have the better argument on the current record" referring to argument that "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)."). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Alejandro*, 2025 WL 2896348, at *14-19. Respondents have cited no binding precedent to the contrary. In *Mendoza-Loera*, 2:25-cv-00554-JPH-MJD, the Court found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or otherwise unpersuasive.

Here, Mr. Cruz Hernandez was arrested pursuant to a warrant, and the record currently before the Court shows that § 1225's mandatory detention provision does not apply to him.

The Court concludes that Mr. Cruz Hernandez is entitled to a bond hearing under § 1226, and it declines to reach Mr. Cruz Hernandez's other arguments.

### III.   Scope of Relief

Mr. Cruz-Hernandez is entitled to habeas relief because his continued

8

detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Cruz Hernandez requests immediate release from custody or, in the alternative, an individualized bond hearing before an immigration judge. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

The Court finds that it would not be in the interests of justice to order Mr. Cruz Hernandez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a). The Court denies Mr. Cruz Hernandez's request to shift the burden of proof to the government, dkt. 1 at 12-13. Mr. Cruz Hernandez therefore must show that he is not a flight risk or danger to the community. *Nielsen*, 586 U.S. at 397–98 (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez*, 872 F.3d at 982; *Ali v. Achim*, 342 F. Supp. 2d 769, 775 (N.D. Ill. 2004) (declining to grant petitioner's request for periodic review and a shift of the burden of proof because the bond determination procedures in § 1226(a) and 8 C.F.R. § 1003.1(e)(8)(i) "already provide for the safeguard of individual bail determinations" and "do not violate Petitioner's procedural due process under the *Mathews* due process calculus").

### IV.   Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on December 31, 2025, Respondents must either**: (1) provide Mr. Cruz Hernandez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on January 2, 2026,** Respondents must file a notice with the Court certifying that they have complied with the Court's order. The **clerk is directed** to enter final judgment. **SO ORDERED.**

Date: 12/29/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel of record